# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| MARCUS B. ROBERSON | ) | Case No. 1:22MJ 49 |
| | ) | |
| *Defendant(s)* | ) | |

-FILED-

MAR 17 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __8/17/21, 12/2/21, and 3/16/22__ in the county of __Allen__ in the __Northern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | On or about August 17, 2021 and December 2, 2021, Roberson knowingly facilitated and distributed a controlled substance, namely 5 grams or more of methamphetamine; On or about March 16, 2022, Roberson knowingly possessed with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine; |
| 18 U.S.C. § 922(g) | On or about March 16, 2022, Roberson, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and the firearm was in and affecting commerce. |

This criminal complaint is based on these facts:

See attached affidavit of Thomas W. Kaiser, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

☑ Continued on the attached sheet.

THOMAS KAISER
Digitally signed by THOMAS KAISER
Date: 2022.03.17 13:48:35 -04'00'

*Complainant's signature*

ATF SA Thomas W. Kaiser
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/17/2022

s/ Susan Collins
*Judge's signature*

City and state: Fort Wayne, IN

Susan Collins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Comes now your Affiant, Special Agent Thomas W. Kaiser of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, first being duly sworn, now deposes and says:

Your Affiant is a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and has been since January of 2016. I have attended the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training in investigating violations of the Federal firearms, arson, and explosive laws. Prior to being employed by the ATF, I served as a Special Agent with the Naval Criminal Investigative Service for approximately six months, as well as a United States Federal Air Marshal for approximately eight years. I have been involved in various types of electronic surveillance and in debriefing defendants, witnesses, and informants.

Your Affiant is currently assigned to the ATF's Fort Wayne, Indiana, field office. This office investigates violations of Federal firearms laws, as well as other violations relating to the possession or use of illegal firearms, and the use of firearms while engaged in drug distribution and the manufacture of illegal drugs in the Northern District of Indiana. In the course of business, ATF regularly interacts in investigations conducted simultaneously or in conjunction with other law enforcement entities, specifically in the use, possession, and distribution of narcotics. ATF also regularly receives referrals from local law enforcement agencies on Federal firearms violators and armed narcotics trafficking. ATF reviews and investigates

this information and takes action based upon determining and substantiating whether criminal activity has taken place. Further, I have conducted and participated in numerous firearms investigations that have involved illegal firearm possessors and drug traffickers found to be in possession of or involved in the illegal distribution of narcotics. Based on this training and experience, your Affiant has become familiar with the methods of illegal drug traffickers, especially armed drug traffickers.

1. In July 2020, the ATF in the Northern District of Indiana began investigating a suspected narcotics trafficker. During the following months of 2020 ATF utilized an ATF confidential informant (herein referred to as "ATF CI") and successfully conducted multiple controlled purchase of crystal methamphetamine from the suspected narcotics trafficker. A transaction with the CI and above individual in late 2020 revealed the source of supply to allegedly be Marcus ROBERSON.

2. ATF CI has provided consistent and reliable information to ATF Fort Wayne for approximately eight years leading to prosecution of multiple defendants and has had no criminal violations since being an ATF CI for ATF. ATF CI has no local arrests nor convictions for any charges of dishonesty (i.e. false informing, theft, bribery, etc.).

3. On January 29, 2021, ATF CI sent a recorded text message to a cellular number, believed to be Marcus ROBERSON's phone number from a prior interaction. ATF CI explained that he/she had been purchasing methamphetamine from the

2

suspected narcotics trafficker described in paragraph 1 but was unable to make contact with that individual for some time and was hoping ROBERSON could help.

4.  Through the course of 2021, ATF CI established and maintained cellular contact with ROBERSON via that same number and later via an additional number.

5.  On August 2, 2021, SA Kaiser and Detective Rod Hormman, Allen County Drug Task Force, met with an Allen County Police Department Confidential Informant (AC CI). AC CI relayed to investigators that he/she had previously purchased methamphetamine from an individual named Marcus ROBERSON. SA Kaiser asked AC CI to confirm the telephone number that he/she uses to contact ROBERSON. AC CI provided a cellular contact number for ROBERSON. AC CI explained that he knows ROBERSON to reside in New Haven, Indiana and drive multiple vehicles, to include a GMC truck and Chevrolet Impala. AC CI indicated that he/she had purchased large quantities of methamphetamine from ROBERSON and is willing to conduct a controlled buy in the near future. On August 16, 2021, AC CI made contact with ROBERSON via phone. AC CI indicated that he/she was wanting to purchase two ounces of methamphetamine. ROBERSON agreed to meet with AC CI on August 17, 2021. On August 17, 2021, AC CI placed text messages to ROBERSON and established a time and location to purchase methamphetamine. On August 17, 2021, at approximately 5:57PM EST, AC CI, driven by an ATF UC, arrived at the New Haven Car Wash, New Haven, Indiana. At approximately 6:00PM, a GMC truck arrives at the location. AC CI indicated to ATF UC that ROBERSON was the driver of the GMC truck. AC CI approached the vehicle of

3

ROBERSON and procured approximately fifty-eight (58) grams of suspected methamphetamine, later testing positive via TruNarc for methamphetamine. Surveillance units noted the license plate of the GMC truck as registered to Marcus ROBERSON, at a particular residence on Faulkner Court, Fort Wayne, IN.

6. During the following months, law enforcement discovered that AC CI was not being forthcoming about his/her interactions with ROBERSON. Law enforcement suspected AC CI continued to purchase narcotics off of ROBERSON without the direction of law enforcement, even when instructed to report all interactions with ROBERSON and not engage in any illegal activity if not instructed.

7. On October 8, 2021, ATF CI received a text message stating "Yo this Marcus dude he said u was looking." At the direction of SA Kaiser, ATF CI indicated to the unidentified individual that he/she was interested in procuring four ounces of crystal methamphetamine. The unidentified individual provided an address on Gilbert Drive, in Fort Wayne, Indiana and arranged a purchase on October 14, 2021.

8. Surveillance units observed the ATF CI arrive at the same residence and pull into the driveway. Surveillance units also observed, prior to arrival of ATF CI, a heavy-set white male standing in the window of the residence and exiting, standing in the driveway. A grey in color Chevrolet Impala was also pulled into the driveway of the residence.

9. ATF CI relayed during the debrief that the unidentified heavy set white male entered the vehicle and removed the four ounces of crystal methamphetamine from his person. ATF CI confirmed the price of $1,700 dollars in US currency. The

4

unidentified male called himself "Big" and exited the vehicle, concluding the deal. ATF Intelligence Research Specialist Jake Edwards compiled data on the address and vehicle identified during the transaction. Surveillance units also were able to identify the unidentified male as Jason Lee Smith, known by law enforcement as AC CI.

10. On December 2, 2021, ATF CI went via an ATF UC vehicle to the particular address on Gilbert Drive, Fort Wayne, IN in an attempt to meet with the SMITH and potentially purchase crystal methamphetamine. SMITH stated that he is currently waiting to "reup" or be resupplied with narcotics for sale. ATF CI explained that he/she would have to go retrieve currency to purchase the narcotics. SMITH said that he would call to see how long it would take to get the crystal methamphetamine. SMITH retrieved his cellular phone and placed a phone call.

11. ATF had an active pen register for a phone number identified to ROBERSON, recording all incoming/outgoing phone calls and SMS "text" messages in Coordinated Universal Time (UTC), five hours ahead of Eastern Standard Time (EST). At the same time SMITH was observed by the CI video recording device placing the call, a call was received by ROBERSON's above number from number Smith's phone number.

12. SA Kaiser instructed ATF CI to place a text message to SMITH indicating that he/she would be able to purchase four ounces of crystal methamphetamine from SMITH. ATF CI confirmed with SMITH via text message that SMITH would be selling each ounce for $400.00 in US currency. SMITH also

5

stated that the narcotics would be dropped off to SMITH around 8:30PM EST.

13. During December 2, 2021, SA Kaiser and Intelligence Research Specialist (IRS) Jake Edwards were monitoring the stationary video cameras at the residence of ROBERSON (a particular residence on Woodridge Drive, New Haven Indiana) and SMITH and the pen register for ROBERSON's number. After ATF CI departed the residence, approximately eleven (11) text messages were exchanged between ROBERSON and SMITH. At approximately 8:30PM EST, a male individual is seen exiting the residence at Woodridge Drive, entering a dark grey Chevrolet Impala, and departing the residence. At approximately 8:52PM EST, the stationary video camera at Gilbert Drive captured a vehicle arriving at the residence. An individual exited the driver side of the vehicle and entered the residence. Pre-surveillance units staged in the area of Gilbert Drive, Fort Wayne Indiana conducted a drive-by of the dark grey Chevrolet Impala parked in the driveway and relayed via radio that the plate was Indiana was registered to Marcus ROBERSON. At approximately 8:54PM EST, ATF CI received a text message from SMITH stating, "Come on ready."

14. At approximately 9:14PM EST, SMITH entered the vehicle of ATF CI. SMITH provided ATF CI with the narcotics. SMITH confirmed the narcotics should weigh 113 grams. SA Kaiser monitored the stationary video camera outside of ROBERSON's residence and confirmed the arrival of the Impala at approximately 9:48PM EST.

15. The purchased methamphetamine was weighed, photographed, and

field tested (presumptive positive for methamphetamine) and placed into evidence.

16. A pen register active for Roberson's number, from November 29, 2021 to January 13, 2021 (when the pen register expired) captured approximately one hundred and thirty four (134) cellular text messages and calls were exchanged between ROBERSON and SMITH.

17. On February 10th, 2022, ATF CI texted SMITH at approximately and asked for eight ounces of methamphetamine. On February 10th, 2022, surveillance units staged in the area of Gilbert Dr. at approximately 5pm. ATF CI later received a text from SMITH that read " Hey bro sry my plug is on some bs its marcus idk why he acting like that and I don't have no where close to hp on me I have few zips bout it". SMITH then told ATF CI he would let ATF know when he had the methamphetamine in hand.

18. ATF CI later received a text from SMITH reading "I'm on the way to pick this up for you." ATF CI then replied "oh ok... what's the ticket? Is it different than marcuss shit." SMITH replied "It's his shit." ATF UC and ATF CI, occupying an ATF Undercover vehicle (UCV), later arrived at SMITH's residence and parked in front of the residence.

19. The ATF CI received a text message from SMITH who stated that he he only had a "QP" (quarter pound) and not the 8oz they had previously agreed upon. At the direction of ATF UC, ATF CI told SMITH they would purchase the "QP." On this same date, at approximately 7:03PM, ATF UC observed SMITH exit the residence and enter the back passenger side of the UCV seated behind the ATF CI.

7

SMITH greeted ATF UC and the ATF CI then retrieved a clear plastic baggie containing the suspected methamphetamine from his pocket and handed it to ATF UC. ATF UC inspected the bag containing what appeared to be rock like crystals consistent with suspected methamphetamine. ATF UC asked SMITH what the "ticket" (price) was for the suspected methamphetamine, to which SMITH replied $1,400.00. ATF UC then retrieved a digital scale, placed it on the center console of the UCV, and began to weigh the suspected methamphetamine. While weighing the suspected methamphetamine, ATF UC asked SMITH if it was the same as the last time (same suspected methamphetamine SMITH previously sold the CI). SMITH told ATF UC that it was the same as last time. ATF UC then asked SMITH "what kind of order can you fill." SMITH replied, "we can fill damn near anything, I don't know why he only gave me that much." Law enforcement presumes SMITH is referring to ROBERSON.

20.   ATF UC then handed SMITH $1,400.00 in pre-recorded funds to purchase the suspected methamphetamine. Upon returning to the ATF Office, ATF UC weighed the suspected methamphetamine. The weight (with packaging) was approximately 3.99 ounces. Drug Enforcement Administration (DEA) SA Howard Schneider conducted a presumptive screening of the suspected methamphetamine using a test kit. The test yielded a positive result indicating the presence of a substance consistent with methamphetamine.

21.   On March 16, 2022, a search warrant was executed on the residences of SMITH and ROBERSON. ROBERSON was located at a particular residence at

Woodridge Drive, New Haven, Indiana and taken into custody, transported to the Allen County Jail. SMITH was located at his residence and also taken into custody and transported to the Allen County Jail.

22. All three residences were searched by law enforcement. During the search at Woodridge Drive, New Haven, Indiana, law enforcement located approximately 330 grams of white crystal-like substance in a clear plastic bag (presumptive positive test for methamphetamine), locked in a toolbox, inside the garage. Also located inside the toolbox was a clear plastic bag containing an unknown white powdered substance (presumptive positive test for methamphetamine), $4,500.00 in assorted United States currency and a digital scale. Additionally, a firearm was located approximately ten (10) feet across from the toolbox. ROBERSON is prohibited from possessing firearms and ammunition based on a previous felony conviction. An additional firearm was located in the master bedroom on the floor, next to the bed. This room contained documents with ROBERSON's name on them.

23. All of the methamphetamine purchased by the CI was in the crystal form, and in your Affiant's training and experience, crystal methamphetamine commonly has a purity of at least 90% and sometimes as high as 100%, based upon lab reports in other investigations. Based upon your Affiant's training and experience, your Affiant therefore expects that, when analyzed by the laboratory, the actual methamphetamine weights will exceed 5 grams for all of the buys, and will exceed 50 grams for the methamphetamine recovered at the Woodridge Drive

residence. Based upon significant and independent corroboration furnished by the surveillance and recordings during the controlled buys, your Affiant believes that the CI provided credible and reliable information throughout this investigation.

24. Your Affiant has personally examined the recovered firearms at Woodridge Drive and has determined that the firearms have not been manufactured in the State of Indiana.

Your Affiant has not included each and every fact known or provided by members of the ATF and other law enforcement agencies concerning the individual events described in this affidavit. The information contained in this affidavit is based on information provided to your Affiant by other law enforcement officers as well as your Affiant's personal observations.

Based upon the foregoing, your Affiant has probable cause to believe that on or about August 17, 2021, and December 2, 2021, ROBERSON knowingly facilitated and distributed a controlled substance, namely 5 grams or more of methamphetamine all in violation of 21 U.S.C. 841. On March 16, 2022, ROBERSON knowingly possessed with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine all in violation of 21 U.S.C. § 841.

Based upon the foregoing, your Affiant has probable cause to believe that on or about March 16, 2022, ROBERSON knowingly possessed a firearm as a person convicted of a felony all in violation of 18 U.S.C. § 922(g).

Further your Affiant sayeth naught.

THOMAS KAISER
Digitally signed by THOMAS KAISER
Date: 2022.03.17 13:48:50 -04'00'

Thomas Kaiser
Special Agent, ATF

Subscribed and sworn before me this 17th day of March, 2022.

s/ Susan Collins

Honorable Susan Collins
U.S. Magistrate Judge
Northern District of Indiana

11